IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHY ANN COWHER, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 18-79
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Cathy Ann Cowher ("Cowher") seeks judicial review of the Social Security Administration's denial of her claim for a period of disability and for disability insurance benefits ("DIB").[1] Cowher alleges a disability onset date of April 8, 2014. (R. 26) The ALJ denied her claim following a hearing at which both Cowher and a vocational expert ("VE") appeared and testified. Cowher then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 9 and 14. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

---

[1] The ALJ determined that Cowher met the insured status requirements of the Social Security Act through December 31, 2019. (R. 26)

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6 and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa.

1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

    II. The ALJ's Decision

As stated above, the ALJ denied Cowher's claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Cowher had not engaged in substantial gainful activity since the application date. (R. 26) At step two, the ALJ concluded that Cowher suffers from the following severe impairments: major depressive disorder, bipolar disorder, generalized anxiety disorder, cognitive disorder NOS, mild neurocognitive disorder, and pseudo-seizures. (R. 26-28) At step three, the ALJ concluded that Cowher does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 28-30) Between steps three and four, the ALJ found that Cowher has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain restrictions. (R. 30-35) At step four, the ALJ found that Cowher is unable to perform her past relevant work. (R. 35-36) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Cowher's age, education, work

experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 36-37)

III. Discussion

As stated above, in formulating Cowher's residual functional capacity, the ALJ concluded that, with certain restrictions, she was able to perform a full range of work at all exertional levels with certain nonexertional limitations. (R. 30) Specifically, the ALJ imposed the following limitations:

> The claimant can never climb ladders, ropes or scaffolds. The claimant must avoid exposure to unprotected heights or moving mechanical parts. The claimant is capable of understanding, remembering and carrying out simple instructions and making simple, work-related decisions. The claimant is capable of sustaining an ordinary routine without special supervision. The claimant can tolerate a low level of work pressure, defined as work not requiring multi-tasking, detailed job tasks, significant independent judgment, a production rate pace, teamwork in completing job tasks, or contact with the public. The claimant is able to tolerate occasional interaction with coworkers and supervisors. The claimant can tolerate occasional changes in a work setting.

(R. 30) In arriving at this conclusion, the ALJ considered and accorded weight to medical opinions set forth in the record. Cowher objects to the ALJ's assessment of these medical opinions.

The amount of weight to be accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical

4

findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.*, § 404.1527(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only when an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. *Id.*, § 404.1527(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.*, § 404.1527(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § [404.1527]([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Soc. Sec. Admin.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 404.1527(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008).

(a) Danielle Gibbons, CRNP

Danielle Gibbons, CRNP, provided a Medical Source Statement. (R. 574-76) Specifically, in 2017 Gibbons opined that Cowher suffered from "marked" restrictions with respect to her: ability to understand, remember and carry out simple instructions; ability to make judgments on simple work-related decisions; understand, remember and carry out complex instructions; and the ability to make judgments on complex work-related decisions. (R. 574) Gibbons adds that Cowher's ability to interact appropriately with the public, her supervisor(s) and her co-workers is "moderately" impaired and that

6

her ability to respond appropriately to usual work situations and to changes in a routine work setting is "markedly" impaired. (R. 574-75)[2] Cowher urges that Gibbons' opinion corroborates her own testimony and supports a finding of disability. I disagree.

The ALJ gave Gibbons' opinion "little weight." (R. 34) Her decision to discount Gibbons' testimony given her status as an "other source" is supported by the regulations. See 20 C.F.R. § 404.1527(f). Similarly, the ALJ's conclusion that Gibbons' opinion should be discounted because it was inconsistent with her treatment records is in accordance with the law. See Goldberg v. Colvin, Civ. No. 13-06055, 2015 WL 1138021, at * 10 (D.N.J. Mar. 13, 2015) (stating that an ALJ may reject a treating physician's opinion if it is inconsistent with the physician's treatment notes or due to a lack of supporting evidence) Further, the ALJ's determination in this regard is supported by substantial evidence of record. (R. 28, "stating that the records reflect that the claimant is able to understand treatment options, plans and medication side-effects" and that "treatment records show the claimant's memory is within normal limits with intact recall and oriented in all spheres"); (R. 34, stating that the treatment records "reflect relatively benign mental examination findings as outlined above, including normal thought process and content, orientation in all spheres, and normal insight and judgment.") and (R. 466-67, 475-76, 479-80, 494-95, 499, 505, 514, 524, 529-30, 534, 540-41, 546, 550-51, 556, and 565-66). Consequently, I find no basis for remand with respect to the ALJ's treatment of Gibbons' opinion.

    (b) Wayne D'Agaro

---

[2] In a 2015 Medical Source Opinion, Gibbons proffered virtually the same conclusions regarding Cowher's restrictions except that she found Cowher only moderately restricted in her ability to carry out simple instructions and moderately restricted in her ability to interact appropriately with the public. (R. 432-33). The ALJ gave both the 2015 and 2017 opinions "little weight." (R. 34)

7

Wayne D'Agaro performed a neuropsychological evaluation of Cowher in February of 2017. (R. 577- 580) Following an interview and the administration of a number of tests, D'Agaro opined that:

> Despite indications of minimal nonspecific foci of white matter signal abnormality on her most recent brain MRI, which was considered secondary to chronic microvascular ischemia, the overall results of Ms. Cowher's neuropsychological evaluation, except for variable difficulty with processing speed that reflected no more than borderline to mild compromise, were within expected limits. More significant was evidence of moderate degrees of longstanding depression and anxiety, which are a more likely etiologies [sic] at this point in time to account for Ms. Cowher's current cognitive issues.

(R. 577) The ALJ accorded Dr. D'Agaro's opinion "great weight." (R. 35) The ALJ explained that, although D'Agaro only had limited interaction with Cowher, he was a specialist in neuropsychology, did conduct a personal examination, and his opinions were consistent with his clinical findings. (R. 35) Again, these are appropriate bases for according an opinion great weight. *See* 20 C.F.R. § 404.1527(c)(1), (5)(providing more weight to the opinion of a provider who has examined the claimant and stating that "[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist"); and 20 C.F.R. § 404.1527(c)(3), (4) (stating that "[t]he more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion" and "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.") Additionally, the ALJ's conclusion that D'Agaro's opinion is "consistent with the record as a whole, as she exhibits grossly normal mental status

8

findings upon examination" is, as detailed above, supported by substantial evidence of record.

(c) Dr. Haldeman

Dr. Haldeman proffered a Medical Source Statement of Ability to do Work-Related Activities (Mental) in November of 2014. (R. 378-380) Haldeman found that Cowher had no restrictions with respect to her ability to understand and carry out simple instructions and only mild restrictions with respect to her ability to make judgments on simple work-related decisions. (R. 378) However, she found that Cowher was moderately restricted with respect to understanding, remembering and carrying out complex instructions and making judgments on complex work-related decisions. (R. 378) Additionally, Dr. Haldeman opined that Cowher had no restrictions in interacting appropriately with the public and with co-workers, but had moderate restrictions in interacting with supervisors and in responding appropriately to usual work situations and to changes in a routine work setting. (R. 379)

The ALJ gave "great weight" to Haldeman's opinion. She noted that Haldeman served as Cowher's treating and examining psychotherapist and had a longitudinal treatment history with Cowher. (R. 34) The ALJ also found Haldeman's opinion to be consistent with the record as a whole. (R. 34) These are appropriate bases for giving Haldeman's opinion great weight. *See* 20 C.F.R. § 404.1527(c)(1), (2), (4). Additionally, the ALJ determined that evidence, such as Cowher's activities of daily living, post-dating Haldeman's opinion did not support greater limitations. (R. 34) It is appropriate to consider activities of daily living in assessing a physician's opinion. *See Hoyman v. Colvin*, 606 Fed. Appx. 678, 680, 2015 WL 1568238 (3d Cir. 2015). Further, substantial

evidence supports the ALJ's conclusion in this regard. Cowher testified that she drives, is able to go out alone, cares for herself, cares for animals without assistance, goes grocery shopping, cooks, talks on the phone daily, has no problem interacting with people, and attends appointments without difficulty. (R. 28, 51, 61-62, 64, 70)

Cowher takes issue with the ALJ's alleged failure to accommodate her "mild" impairment with respect to her ability to make judgments on simple work-related decisions and her moderate impairment with respect to her ability to interact appropriately with supervisors and to respond appropriately to usual work situations and to changes in a routine work setting. *See* ECF Docket No. 10, p. 5.[3] I disagree. The RFC adequately accounts for Cowher's impairments. The ALJ restricted Cowher to jobs with a low level of work pressure, "defined as work not requiring multi-tasking, detailed job tasks, significant independent judgment, a production rate pace, teamwork in completing job tasks, or contact with the public." (R. 30) The ALJ also limited Cowher to only occasional interaction with coworkers and supervisors and occasional changes in a work setting. (R. 30) *See Hill v. Colvin*, Civ. No. 14-922, 2015 WL 5709028, at * 3 (W.D. Pa. Sept. 28, 2015) (finding that the RFC adequately accommodated medical opinions that the claimant was markedly limited in responding appropriately to work pressures and changes by precluding her from working in a fast-paced production environment and by restricting her to work that involves only simple work-related decisions). Consequently, there is no basis for remand on this issue.

---

[3] Cowher adds that the RFC fails to account for the fact that her "emotional distress gets significantly worse with increasingly complex requirements. Blackouts occur with increased experience of stress. Mood (depression) worsens with her sense of incompetency at work, inability to make decisions, and being overwhelmed." *See* ECF Docket No. 10, p. 5-6. She also faults the ALJ for failing to consider that she was unable to follow proper protocol when simply answering telephones while working at New Pig Corporation *Id*. I disagree. Haldeman did make these observations but she did so as findings which supported her conclusions about Cowher's impairments. As such, I reject the idea that the ALJ needed to include these particular findings in the RFC.

10

(d) Dr. Lipitz

Cowher also takes issue with the ALJ's treatment of Dr. Lipitz's May 2014 "opinion." Cowher does not provide a citation to the record with respect to Lipitz's opinion. In fact, other than assert that the ALJ found Lipitz's conclusion was not supported by substantial evidence of record, Cowher does not develop her argument in any meaningful way. Indeed, she does little more than state, "Dr. Lipitz's opinion from 2014 mirrors the opinion of Ms. Gibbons from 2017 as well as Ms. Cowher's testimony which indicates that Ms. Cowher suffers from debilitating anxiety-induced blackouts when subjected to usual work-related situations." *See* ECF Docket No. 10, p. 6. I decline to consider this argument as it is undeveloped. "[I]t is not the responsibility of the Court to construct or develop arguments for a party; therefore, this argument fails, and we will address it no further." *Miranda v. Berryhill*, Civ. No. 18-55, 2018 WL 7001904, * 8 (M.D. Pa. Dec. 4, 2018) (*citing, Loewen v. Berryhill*, 707 Fed. Appx. 907, 908 (9th Cir. 2003) (memorandum opinion), (*citing Carmickle v. Comm'r. of Soc. Sec.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (the court does not need to address arguments that were made without specificity); (*Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (the court cannot construct arguments for an appellant, and it will only examine issues specifically and distinctly argued in an appellant's brief)).[4]

Cowher offers nothing else in support of her contention that the ALJ's decision must be remanded. Instead, she concedes that Dr. Urbanowicz's opinion supports the

---

[4] Even if I decided to consider Cowher's argument, I would find it to be unpersuasive. Lipitz stated only that, "[s]he indicates that she was turned down for disability on the basis of her blackout spells, though it would appear that her blackout spells would prevent her from working at this time." (R. 445) This statement is, as the ALJ noted, contradicted by subsequent evidence in the record indicating that Cowher was not so limited. (R. 34) Further, as the ALJ observed, Lipitz's pronouncement is tantamount to a legal conclusion on the issue of disability which is an issue reserved to the Commissioner. *See* 20 C.F.R. 404.1527(d)(1).

11

ALJ's decision. *See* ECF Docket No. 10, p. 6. Dr. Urbanowicz determined that Cowher was capable of performing "simple, routine and repetitive work in a stable environment, with simple job instructions consistent with one and two-step tasks and capable of competitive work on a sustained basis." (R. 33, 85-89) As the ALJ noted, as a state agency psychological consultant, Urbanowicz has program knowledge. (R. 33) Further, the ALJ explained that she gave weight to Urbanowicz's opinion because it is consistent with the record as a whole, including the opinions of Dr. D'Agaro. (R. 33) As stated above, where the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit, provided that the decision is properly supported and adequately explained. The ALJ has satisfied these criteria here and there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHY ANN COWHER ) | |
|     Plaintiff, ) | |
| ) | |
|  -vs- ) | Civil Action No. 18-79 |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ACTING COMMISIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
|     Defendant. ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 27th day of March, 2019, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 9) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED. It is further ORDERED that the ALJ's decision is AFFIRMED. This case shall be marked "Closed" forthwith.

                            BY THE COURT:

                            /s/ Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge